[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17203
Non-Argument Calendar

_____

D.C. Docket No. 3:16-cr-00036-RV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICIA L. BUTLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 7, 2017)

Before HULL, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Patricia Butler appeals her sentence of 12 months and 1 day, imposed after she pled guilty to one count of theft of government money, in violation of 18 U.S.C. § 641.  Butler argues that the district court plainly erred in not allowing her the right of allocution before imposing her sentence.  The district court asked Butler if she wanted to speak during the discussion about acceptance of responsibility.  The government, however, concedes error and that, after ruling on that guidelines issue, the district court should have later addressed Butler personally and allowed her to allocute on any subject of her choosing prior to the imposition of the sentence.

A district court's failure to accord a defendant the right of allocution at sentencing is reviewed for plain error when the defendant fails to timely object to this omission.  *United States v. Perez*, 661 F.3d 568, 583 (11th Cir. 2011).  Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) requires a district court, prior to imposing a sentence, to address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of the sentence.  Fed. R. Crim. P. 32(i)(4)(A)(ii).  Addressing defense counsel, instead of the defendant directly, does not satisfy this requirement.  *Perez*, 662 F.3d at 584.

Our inquiry is whether the district court's colloquy with the defendant is the "functional equivalent" of what Rule 32(i)(4)(A)(ii) prescribes.  *Id*. at 585.  In

2

order for us to find functional equivalency, the record must demonstrate that the court, the prosecutor, and the defendant must, at the very least, have interacted in a manner that shows clearly and convincingly that the defendant knew that she had a right to speak on any subject of her choosing prior to the imposition of sentence. *Id*.

All four prongs of the plain error standard are established when a district court failed to comply with Rule 32(i)(4)(A)(ii) and the district court sentenced the defendant to more than the low end of the defendant's guidelines range. *Id*. at 585-86.

Here, as in *Perez*, the record does not reflect that the district court, the government, and Butler herself interacted in a manner that showed that Butler was given the opportunity to speak on *any* subject of her choosing prior to the imposition of sentence, not just the limited subject of acceptance of responsibility. *See Perez*, 662 F.3d 585; Fed. R. Crim. P. 32(i)(4)(A)(ii). As we determined in *Perez*, all four prongs of plain error review have been established here because the district court failed to comply with Rule 32(i)(4)(A)(ii) and the district court sentenced Butler to more than the low end of the guidelines range. *Id*. at 585-86. Therefore, the district court committed reversible plain error. *Id*. at 585-86. We vacate Btuler's sentence and remand for Butler to be afforded the right of full

3

allocution and then for resentencing.  Nothing herein speaks to the merits or the amount of the sentence.

**VACATED AND REMANDED.**